UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CARRINGTON MORTGAGE SERVICES, LLC,<br><br>　　　　　　Plaintiff(s),<br><br>　v.<br><br>MONTECITO VILLAGE COMMUNITY ASSOCIATION, et al.,<br><br>　　　　　　Defendant(s). | Case No. 2:16-CV-1780 JCM (BNW)<br><br>ORDER |

Presently before the court is defendant Montecito Village Community Association's ("the HOA") motion for summary judgment. (ECF No. 55). Plaintiff Carrington Mortgage Services, LLC ("Carrington") filed a response (ECF No. 67), to which the HOA replied (ECF No. 68).

Also before the court is Carrington's renewed motion for summary judgment against RH Kids, LLC ("RHK"). (ECF No. 56). RHK filed a response (ECF No. 61), to which Carrington replied (ECF No. 63).

Also before the court is RHK's motion for summary judgment. (ECF No. 57). Carrington filed a response. (ECF No. 59). RHK did not reply, and the time to do so has passed.

**I.    Background**

This case involves a dispute over real property located at 8552 Barkeria Court, Las Vegas, Nevada 89149. On March 3, 2008 Cristian Portillo and Carmen Morilla obtained a loan in the amount of $204,786.00 to purchase the property, which was secured by a deed of trust recorded on March 10, 2008. (ECF No. 1).

**James C. Mahan**
**U.S. District Judge**

The deed of trust was assigned to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP ("BAC") via an assignment of deed of trust recorded on July 26, 2011. (ECF No. 23-3).

On December 28, 2011, defendant Nevada Association Services, Inc. ("NAS"), acting on behalf of the HOA, recorded a notice of delinquent assessment lien. (ECF No. 1). On February 22, 2012, NAS recorded a notice of default and election to sell to satisfy the delinquent assessment lien, stating an amount due of $2,440.90. (ECF No. 1).

On March 29, 2012, Bank of America, N.A. ("BANA") requested a ledger from the HOA/NAS identifying the superpriority amount allegedly owed to the HOA. (ECF No. 1). The HOA/NAS allegedly refused to provide a ledger. (ECF No. 1). BANA calculated the superpriority amount to be $423.00 and tendered that amount to NAS on March 29, 2012, which NAS allegedly refused. (ECF No. 1).

On February 7, 2013, NAS recorded a notice of trustee's sale, stating an amount due of $4,096.17. (ECF No. 1). On March 1, 2013, Premier One Holdings, Inc. ("Premier")[1] purchased the property at the foreclosure sale for $10,000. (ECF No. 1). A trustee's deed upon sale in favor of Premier was recorded on March 4, 2013. (ECF No. 1).

After the foreclosure sale purportedly extinguished the deed of trust, it was assigned to Carrington via an assignment of deed of trust recorded on March 2, 2015. (ECF No. 1 at 3).

On July 27, 2016, Carrington filed the underlying complaint, alleging four causes of action: (1) quiet title/declaratory judgment against all defendants; (2) breach of NRS 116.1113 against NAS and the HOA; (3) wrongful foreclosure against NAS and the HOA; and (4) injunctive relief against Premier. (ECF No. 1).[2]

The court previously granted the HOA's and Premier's motions for summary judgment and denied Carrington's motion. (ECF No. 38). Carrington appealed. (ECF No. 40). The Ninth

---

[1] After the Ninth Circuit remanded this action, F. Bondurant, LLC purchased the property from Premier and, shortly thereafter, quitclaimed the property to RHK. (ECF No. 52). Thus, the parties stipulated to substitute RHK for Premier as a party in this action. *Id.*; (ECF No. 58 (order granting stipulation)).

[2] The clerk entered default against NAS on December 15, 2016. (ECF No. 17).

1  Circuit remanded this case for further proceedings consistent with new precedent from the Nevada
2  Supreme Court.³ (ECF No. 45).

3  In the instant motions, the HOA, RHK, and CMS all move for summary judgment in their
4  favor. (ECF Nos. 55; 56; 57). The court will address each as it sees fit.

**II.     Legal Standard**

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to

---

³ The parties represented as follows:

[T]he Ninth Circuit issued an order stating that it had recently held that the Nevada statutory scheme that grants a homeowners association a lien with super-priority status is no longer controlled by the analysis in *Bourne Valley Court Trust v. Wells Fargo Bank, N.A.*, 832 F.3d 1154 (9th Cir. 2016) in light of the Nevada Supreme Court's decision in *Bank of America, N.A. v. SFR Investments Pool, LLC*, 427 P.3d 113 (Nev. 2018). Because the instant case raises similar issues and procedural posture, the Ninth Circuit was inclined to vacate the district court's decision and remand for further consideration. No objections were filed, and the case was remanded on July 18, 2019 [ECF No. 45] for further proceedings.

(ECF No. 49 at 1–2).

**James C. Mahan**
**U.S. District Judge**

its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

**James C. Mahan**
**U.S. District Judge**

### III. Discussion

#### a. Quiet title

Under Nevada law, "[a]n action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010. "A plea to quiet title does not require any particular elements, but each party must plead and prove his or her own claim to the property in question and a plaintiff's right to relief therefore depends on superiority of title." *Chapman v. Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103, 1106 (Nev. 2013) (citations and internal quotation marks omitted). Therefore, a party must show that its claim to the property is superior to all others in order to succeed on a quiet title action. *See Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996) ("In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself.").

##### i. Statute of limitations

RHK argues that Carrington's quiet title claim is "[a]n action upon a liability created by statute, other than a penalty or forfeiture" because the foreclosure sale was authorized by NRS 116.1113. (ECF No. 57 at 3–6); *see* Nev. Rev. Stat. § 11.190(3)(a). Thus, by RHK's estimation, NRS 11.190(3)(a)'s three-year statute of limitations should apply. (ECF No. 57 at 3–6).

The court disagrees. Quiet title actions have either a five- or four-year statute of limitations. *See* Nev. Rev. Stat. §§ 11.070, 11.080, 11.220. When the quiet title action is brought by someone seeking to recover possession of a property, Nevada Revised Statutes ("NRS") 11.080 applies a five-year statute of limitations. Nev. Rev. Stat. § 11.080. If the quiet title claim is "founded upon the title to real property or to rents or to services out of the same," then NRS 11.070 imposes a five-year statute of limitations. *Id.* § 11.070. Finally, if neither NRS 11.080 or 11.070 are applicable, then the "catch-all" statute of limitations found in NRS 11.220 applies. *Id.* § 11.220; *see also Ocwen Loan Servicing, LLC v. SFR Investments Pool 1, LLC*, No. 2:17-cv-01757-JAD-VCF, 2018 WL 2292807, at *5 (D. Nev. May 18, 2018) ("With no squarely applicable limitation statute, [the court is] left with the catch-all four-year deadline in NRS 11.220.").

**James C. Mahan**
**U.S. District Judge**

- 5 -

The court finds that Carrington's quiet title claim is subject to a four-year statute of limitations. Neither NRS § 11.070 nor NRS § 11.080 apply because Carrington does not—nor can it—allege that it had or is seeking title to or possession of the property. Thus, the court defaults to the catch-all four-year limitations period established by NRS 11.220.

### ii. Merits

After the parties appealed this court's order, the Nevada Supreme Court issued its opinion in *Bank of America, N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113 (Nev. 2018) ("*Diamond Spur*"), which is dispositive in this case.

Under NRS 116.31166(1), the holder of a first deed of trust may pay off the superpriority portion of an HOA lien to prevent the foreclosure sale from extinguishing the deed of trust. *See* Nev. Rev. Stat. § 116.31166(1); *see also SFR Investments Pool 1 v. U.S. Bank*, 334 P.3d 408, 414 (Nev. 2014), *holding modified by Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortg., a Div. of Wells Fargo Bank, N.A.*, 388 P.3d 970 (Nev. 2017) ("But as a junior lienholder, BOA could have paid off the SHHOA lien to avert loss of its security . . ."). The superpriority portion of the lien consists of "the last nine months of unpaid HOA dues and maintenance and nuisance-abatement charges," while the subpriority piece consists of "all other HOA fees or assessments." *SFR Investments*, 334 P.3d at 411; *Horizons at Seven Hills Homeowners Association v. Ikon Holdings, LLC*, 373 P.3d 66 (Nev. 2016) ("NRS 116.3116(2) . . . is limited to an amount equal to the common expenses assessments due *during the nine months before foreclosure.*") (emphasis added).

In *Diamond Spur*, the Nevada Supreme Court held that a foreclosure sale did not extinguish a first deed of trust when Bank of America, the holder of the deed of trust, used the HOA's representations to calculate and tender the sum of nine months of delinquent assessments. *Diamond Spur*, 427 P.3d at 121. Although the superpriority portion of an HOA lien typically includes maintenance and nuisance abatement charges, the court held that "Bank of America tendered the correct amount to satisfy the superpriority portion of the lien . . . [because] the HOA did not indicate that the property had any charges for maintenance or nuisance abatement." *Id*. at 118. Indeed, it made no difference that Bank of America relied on a ledger from a different

property subject to the same HOA common assessments to calculate the amount of the superpriority portion of the lien. *Id.*; s*ee also Tyrone & In-Ching, LLC v. U.S. Bank, N.A.*, 430 P.3d 533 (Nev. 2018); *NV Eagles, LLC v. Christiana Trust*, 429 P.3d 1254 (Nev. 2018).

As in *Diamond Spur*, Carrington's predecessor-in-interest relied on the HOA's ledger to calculate nine months of assessments. *See Diamond Spur*, 427 P.3d at 118; (ECF No. 56 at 4). Further, the HOA in this case, like the one in *Diamond Spur*, did not indicate that the property had any charges for maintenance or nuisance abatement. *See Diamond Spur*, 427 P.3d at 118; (ECF Nos. 56 at 4; 63 at 1–2). Thus, when Carrington's predecessor-in-interest sent the HOA a check for nine months of common assessments, it properly tendered the superpriority portion of the lien.

Therefore, the nonjudicial foreclosure sale did not extinguish the deed of trust. *See Diamond Spur*, 427 P.3d at 121 ("It follows that after a valid tender of the superpriority portion of an HOA lien, a foreclosure sale . . . cannot extinguish the first deed of trust"); *see also Bank of Am., N.A. v. Arlington W. Twilight Homeowners Ass'n*, 920 F.3d 620, 623 (9th Cir. 2019). The court grants summary judgment in Carrington's favor accordingly.

### b. Carrington's remaining claims

The parties do not contest this court's prior order as it pertains to Carrington's remaining claims. Carrington's second claim, breach of NRS 116.1113, and third claim, wrongful foreclosure, both arise from alleged breaches of statutory duties imposed by NRS 116.1113. (*See generally* ECF No. 1). Thus, those claims must have been brought within three years. *See* Nev. Rev. Stat. § 11.190(3)(a).

The foreclosure sale took place on March 1, 2013. Carrington filed the instant suit on July 27, 2016—more than three years later. Thus, claims two and three are both time barred. The court dismisses them with prejudice accordingly.

The court again dismisses Carrington's fourth claim pursuant to the well-settled rule that a claim for "injunctive relief" is not a standalone cause of action. *See, e.g.*, *In re Wal–Mart Wage & Hour Emp't Practices Litig.*, 490 F. Supp. 2d 1091, 1130 (D. Nev. 2007); *Tillman v. Quality Loan Serv. Corp.*, No. 2:12-CV-346 JCM RJJ, 2012 WL 1279939, at *3 (D. Nev. Apr. 13, 2012) (finding that "injunctive relief is a remedy, not an independent cause of action"); *Jensen v. Quality*

James C. Mahan
U.S. District Judge

- 7 -

*Loan Serv. Corp.*, 702 F. Supp. 2d 1183, 1201 (E.D. Cal. 2010) ("A request for injunctive relief by itself does not state a cause of action.").

### IV. Conclusion

The court dismisses Carrington's second and third causes of action with prejudice as time barred. The court dismisses Carrington's fourth cause of action and construes Carrington's request for injunctive relief as a prayer for relief, rather than a standalone cause of action. The court grants Carrington's motion for summary judgment and finds that its first priority lien survive the HOA foreclosure sale.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the court's prior order (ECF No. 38) be, and the same hereby is, VACATED.

IT IS FURTHER ORDERED that the HOA's motion for summary judgment (ECF No. 55) be, and the same hereby is, DENIED in part and GRANTED in part, consistent with the foregoing.

IT IS FURTHER ORDERED that Carrington's renewed motion for summary judgment against RHK (ECF No. 56) be, and the same hereby is, DENIED in part and GRANTED in part, consistent with the foregoing.

IT IS FURTHER ORDERED that RHK's motion for summary judgment (ECF No. 57) be, and the same hereby is, DENIED in part and GRANTED in part, consistent with the foregoing.

IT IS FURTHER ORDERED that Carrington shall file, within 21 days of this order, a proposed judgment consistent with the foregoing.

DATED July 13, 2020.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**